IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02603-BNB

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

HARLEY G. LAPPIN,
FEDERAL BUREAU OF PRISONS,
RON WILEY,
M. COLLINS,
A. FENLON,
R. MADISON,
S. NAFZINGER,
JHON DOE, Mail Room,
N. FIELDS, and
JANE DOE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 0 2008

GREGORY C. LANGHAM
                  CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE THIRD AMENDED COMPLAINT

---

Plaintiff, Norberto Perez Arocho, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Arocho initiated this action by filing *pro se* a complaint. On January 24, 2008, he filed an amended complaint. On February 4, 2008, he filed on the proper Prisoner Complaint form a second amended complaint. Mr. Arocho alleges that his rights under the United States Constitution have been violated.

The court must construe the second amended complaint liberally because Mr. Arocho is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Arocho will be ordered to file a third amended complaint on the Court's Prisoner Complaint form.

The court has reviewed the second amended complaint filed by Mr. Arocho and finds that it is deficient because Mr. Arocho fails to allege facts to demonstrate that each of the named Defendants personally participated in the asserted constitutional violations. Mr. Arocho asserts three claims for relief alleging that his constitutional rights have been violated. However, he fails to mention any of the Defendants by name in connection with the three claims he is asserting.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Arocho must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Arocho includes in the second amended complaint an unnumbered, hand-written page that states "[a]ll dates, incidents occurred, names, specific persons involved in each claims [sic] are included all in the exibits [sic] as prove to the court." Mr. Arocho also attaches to the second amended complaint sixty-eight pages of

exhibits that include grievances he has filed, copies of his medical records, and other letters he has written to prison officials. However, the Court will not search through all of the exhibits Mr. Arocho has submitted in order to determine what specific allegations he may be asserting against each named Defendant.

Therefore, Mr. Arocho will be directed to file a third amended complaint in which he alleges specific facts that demonstrate how each named Defendant personally participated in the asserted constitutional violations. In order for Mr. Arocho to state a claim in federal court, his third amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Arocho is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Arocho file **within thirty (30) days from the date of this order** an original and sufficient copies of a third amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Arocho, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Arocho fails to file an original and sufficient copies of a third amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED February 20, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02603-BNB

Norberto Perez Arocho
Reg. No. 39959-066
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/20/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk