IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

S. NAFZINGER, Clinical Director,
RON WILEY, Warden of U.S.P. Penitentiary - ADX, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

    Defendant.
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **"Notice" to Add Additional Parties** [Docket No. 48; Filed May 16, 2008] ("Motion No. 48"); and **Motion Seeking to [sic] Leave Under Rule 15 of the Federal Rules of Civil Procedures, Rule 15(a) and Add Other Parties** [Docket No. 55; Filed May 21, 2008] ("Motion No. 55"). Plaintiff attempts to add additional defendants to the above-captioned case.

IT IS HEREBY **ORDERED** that **Motion Nos. 48 and 55** are **DENIED without prejudice**. As the Court previously informed Plaintiff, "[a]ny attempt by Plaintiff to add these individuals to his complaint at this time must be made through a motion seeking leave of the Court." *Order* [#46] at 2. Pursuant to Fed. R. Civ. P. 15, leave to amend a complaint should be freely given where justice requires. However, Plaintiff must provide sufficient information to the Court about the potential defendants' alleged conduct for the Court to make a determination as to whether justice would be served by amendment. Although

Plaintiff is proceeding *pro se,* and the Court construes his pleadings liberally, Plaintiff has failed to include sufficient detail to justify his request to add parties to his complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 110 (10th Cir. 1991).

To obtain leave to add these parties, Plaintiff must provide the Court with information regarding what each potential defendant allegedly did to violate his constitutional rights. More specifically, Plaintiff must sufficiently allege the personal participation of the potential defendants to justify their inclusion in this lawsuit. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In addition, Plaintiff must indicate which claims he intends to bring against the potential defendants, whether he seeks to add new claims, and if so, he must provide sufficient detail of the alleged injury, the constitutional provision that applies to the new claims, and the potential defendants' roles.

IT IS FURTHER **ORDERED** that on or before **July 18, 2008**, to the extent that Plaintiff wishes to amend his complaint to add parties, he must **file a "Motion for Leave to Amend"** that contains the following:

(1) the names of the individuals Plaintiff seeks to add;

(2) the roles these individuals allegedly played related to the injuries complained of in the complaint, e.g., their personal participation and the claim number at issue, or, if the alleged injuries relate to a new claim, a detailed description of the new claim and these individuals' roles; and

(3) a proposed amended complaint titled **"FINAL AMENDED COMPLAINT"** that fully incorporates every claim and defendant Plaintiff would like to pursue in this case.

This matter is also before the Court on Plaintiff's **"Note . . . To Whom May Be**

**Interested"** [Docket No. 49; Filed May 19, 2008] ("Motion No. 49"); **Motion Requesting Investigation** [Docket No. 54; Filed May 21, 2008]; **Renewed Motion for Appointment of Counsel** [Docket No. 56; Filed May 21]; **Motion of Notice** [Docket No. 57; Filed May 21, 2008] ("Motion No. 57"); **Motion Requesting Appointment of Counsel or Interpreter for Representation** [Docket No. 59; Filed June 12, 2008] ("Motion No. 59"); **Motion Requesting Relief or an Order** [Docket No. 60; Filed June 16, 2008] ("Motion No. 60"); and **Motion Opposing a Motion** [Docket No. 62; Filed June 16, 2008] ("Motion No. 62"). It is apparent that Plaintiff would like the Court to address a number of issues. However, many of the motions are difficult to decipher such that the Court cannot readily determine the relief being requested or the harm being alleged. The Court notes that a Preliminary Scheduling/Status Conference has been set for September 4, 2008 at 10:30 a.m. Accordingly,

IT IS HEREBY **ORDERED** that **Motion Nos. 49, 54, 56, 57, 59, 60, & 62** are **HELD IN ABEYANCE** until the Preliminary Scheduling/Status Conference. The Court will address the motions at this time. Defendants are directed not to file responses to any pending motions, but to nevertheless familiarize themselves with the relevant motions, to the extent possible, to better aid the discussion at the conference.

IT IS FURTHER **ORDERED** that **Plaintiff shall not file any further motions, except a Motion for Leave to Amend as detailed above,** until such time as the Court addresses his pending motions at the September 4, 2008 conference. If Plaintiff files any unauthorized motion after the date of this Order and before the September 4, 2008 conference, it will be summarily denied or stricken from the record.

Dated: June 17, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix