IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

S. NAFZINGER, Clinical Director,
RON WILEY, Warden of U.S.P. Penitentiary - ADX, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

    Defendant.
_____

**ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    On February 19, 2008, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Docket No. 19]. Section 1915(b)(2) of 28 U.S.C. requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. *Harris v. Colo. Dep't of Corr.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000).

    In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed to either make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, plaintiff was also directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of

§ 1915(b)(2) would result in the dismissal of this civil action.

Despite the clear language of the February 19, 2008 Order, plaintiff has complied with his filing fee obligations only once [Docket No. 30]. Other than for the month of March, Plaintiff has failed to file any inmate trust fund account statements, pay any other portion of his filing fee, or show cause why he cannot. Therefore, on or before **August 8, 2008**, plaintiff must either make the required monthly payments for April, May, and June or show cause why he cannot.

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis*.

IT IS HEREBY **ORDERED** that on or before **August 8, 2008**, plaintiff shall make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of April, May, and June.

IT IS FURTHER **ORDERED** that by the **15th day** of **each** month hereafter, starting on August 15, 2008 for the month of July, plaintiff shall either make the required monthly payment for the previous month or file a certified copy of his inmate trust fund account statement for that month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER **ORDERED** that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.[1]

DATED: July 16, 2008.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge

---

[1] The Court notes that on June 17, 2008, an Order was entered prohibiting plaintiff from filing further motions, except those directly permitted by the Order [Docket No. 64]. The Court did not extend this prohibition to other pleadings and nothing on the record excuses plaintiff's responsibility to comply with the Court's prior Order requiring him to pay his filing fees or show cause why he cannot [Docket No. 19].