IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

S. NAFZINGER, Clinical Director,
RON WILEY, Warden of U.S.P. Penitentiary - ADX, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

    Defendant.
_____

**SECOND ORDER DIRECTING PLAINTIFF TO MAKE
MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    On February 15, 2008, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [Docket No. 19]. Section 1915(b)(2) of 28 U.S.C. requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. *Harris v. Colo. Dep't of Corr.*, No. 00-N-1066, 2000 WL 33193816, at *1 (D. Colo. Dec. 19, 2000).

    In the Order granting plaintiff leave to proceed *in forma pauperis*, plaintiff was instructed to either make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, plaintiff was also directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of

§ 1915(b)(2) would result in the dismissal of this civil action.

On July 16, 2008, the Court issued an Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause for the months of April, May, and June [Docket No. 74]. The Court also ordered plaintiff to make a payment toward his filing fee or show cause why he cannot by the 15th of each month. In response, plaintiff submitted a certified income statement reflecting end of month account balances for May and June, and a partial month account balance for July [Docket No. 81]. The Court notes that plaintiff did not provide an accounting for the month of April. The certified income statement shows that plaintiff had an end of month account balance of $0.19 for the month of May. As such, plaintiff is excused from paying a filing fee for that month. However, the certified income statement shows that for the month of June, plaintiff had as much as $23.63 in his account. At a minimum, plaintiff should have paid **$4.72** toward his filing fee for the month of June. Likewise, for the partial month of July, the certified income statement shows that plaintiff had as much as $30.43 in his account. At a minimum, plaintiff should have paid **$6.08** toward his filing fee for the partial month of July. The Court did not receive any payments from plaintiff toward his filing fee. Instead, plaintiff sent the Court a letter indicating that he withdrew $2.40 to be paid toward his filing fee and asking for confirmation of receipt of payment [Docket No. 83].

The Court informs plaintiff that (1) the Court did not receive any payment from plaintiff; (2) $2.40 was well below the amount plaintiff was required to pay for the months of June and July; and (3) the Court did not receive an accounting which shows whether plaintiff could make a payment toward his filing fee for the month of April. The Court also

notes that despite my clear warning, Plaintiff failed to submit payment toward his filing fee or to show cause why he cannot pay for the month of August.  Such payment or proof of the inability to pay was due by September 15, 2008.  Therefore, on or before **October 15, 2008**, plaintiff must either make the required monthly payments for **April, June ($4.72), July ($6.08), August, and September** or show cause why he cannot.

28 U.S.C. § 1915(b)(2) requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided that the prisoner's account exceeds $10.00.  **This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending.**  *Harris*, 2000 WL 33193816, at *1.  While there is a $10.00 threshold built into the statute – i.e., when the account balance exceeds $10.00, or when the monthly deposits exceed $10.00, the prisoner is **required** to make a payment toward his filing fee – this does not mean that plaintiff is free to spend deposited funds as soon as they are deposited in order to reduce his account to a level below the $10.00 minimum.  *See Losee v. Maschner*, 113 F. Supp. 2d 1343, 1352 (S.D. Iowa 1998).  Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment.  *See Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments").

**As the Court has already informed plaintiff, <u>it is not acceptable for him to meet his monthly obligations only when specifically called upon by the Court through an</u>**

**order to pay or show cause**. Such a procedure unreasonably burdens the Court. Consequently, the Court the reiterates its requirement that by the **15th day** of **each** month and without any further notice from or order of the Court, Plaintiff shall either to make the required monthly payment for each preceding month or shall file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment. If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing plaintiff to proceed *in forma pauperis*.

IT IS HEREBY **ORDERED** that on or before **October 15, 2008**, plaintiff shall make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of **April, June ($4.72), July ($6.08), August, and September**.

IT IS FURTHER **ORDERED** that by the **15th day** of **each** month hereafter, **starting on November 15, 2008 for the month of October**, plaintiff shall either make the required monthly payment for the previous month or file a certified copy of his inmate trust fund account statement for that month demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER **ORDERED** that if plaintiff fails to comply with this order, the

complaint and this civil action may be dismissed without further notice.

DATED: September 26, 2008.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge