IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

S. NAFZINGER, Clinical Director,
RON WILEY, Warden of U.S.P. Penitentiary - ADX, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

    Defendant.
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion Requesting Relief or an Order** [Docket No. 60; Filed June 16, 2008]. The Motion, although not entirely clear, appears to request that the Court order Defendant Wiley to properly supervise and reprimand Plaintiff's nonparty case manager. The Court ordered Defendants to respond, and they did so on October 21, 2008 [Docket No. 95]. Plaintiff did not file a reply.

    In opposition to Plaintiff's Motion, Defendants argue that to the extent that Plaintiff alleges that his case manager is denying him access to the Court: (1) Plaintiff's case manager is not a party to this litigation; and (2) there is no evidence that any alleged conduct of the case manager has inhibited Plaintiff's ability to litigate this case. I agree. Plaintiff has failed to substantiate his claims against his case manager or put forth sufficient evidence that he has suffered an injury from this alleged conduct. *See Lewis v. Casey*, 518 U.S. 343, 350-53 (1996) (holding that conclusory assertions that an injury has occurred do

not suffice to state a claim for denial of access to the courts); *see also Simkins v. Bruce*, 406 F.3d 1239, 1242-43 (10th Cir. 2005) (holding that to state a claim for denial of access to the courts, plaintiff must plead intentional conduct and an actual injury that resulted from it). Indeed, the number and length of pleadings filed by Plaintiff to date belie his contention that he is being prevented from filing court documents by any party or nonparty.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. Plaintiff has failed to articulate an injury or provide a legal justification for the Court to order Defendant Wiley to take certain action against Plaintiff's case manager. The Court further notes that advancing new legal claims against nonparties via motion is inappropriate. Pursuant to 42 U.S.C. § 1997e, Plaintiff is required to attempt resolution of any alleged injuries by fully exhausting his administrative remedies. After exhaustion, if Plaintiff is still not satisfied, Plaintiff may resolve such issues by asserting them via a formal pleading, e.g., complaint. As the Court has previously informed Plaintiff, Plaintiff's case manager is not a party to this action, and the Court has no authority to grant Plaintiff any relief as to him [Docket No. 90]. Further, while Plaintiff has been given multiple opportunities to amend his complaint, he did not do so within the deadlines set by the Court [Docket Nos. 46, 64, 73, 77 & 82]. His time for amendment has now passed [Docket No. 90]. Future motions which assert liability against Plaintiff's case manager or assert new claims for relief which are not advanced in his complaint will be summarily denied.

Dated: November 17, 2008

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix