IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

S. NAFZINGER, Clinical Director,
RON WILEY, Warden of U.S.P. Penitentiary - ADX, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

    Defendant.
_____

**ORDER DENYING STAY AND SEALING EXHIBIT**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Motion to Temporarily Stay All Discovery Against Out-of-State Defendant Lappin and to Limit Other Discovery to Defendants' Qualified Immunity Defense** [Docket No. 92; Filed October 9, 2008] ("Motion to Stay"). Defendants request a partial stay of discovery in this case limited to information and documents relevant to Defendants' qualified immunity defense and limited to in-state Defendants, i.e., Defendants Nafziger and Wiley, until resolution of their pending Motion to Dismiss [Docket No. 65]. Defendants inform the Court that Plaintiff, *pro se*, opposes the Motion. However, Plaintiff did not file a response to the Motion within the time prescribed by D.C. Colo. L. Civ. R. 7.1(C). As such, his present position is unknown.

    IT IS HEREBY **ORDERED** that the Motion to Stay [#92] is **DENIED** for the reasons set forth below.

    Stays are generally disfavored in this District. *See Wason Ranch Corp. v. Hecla*

*Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unpublished decision).  However, a stay may be appropriate in certain circumstances, and the Court weighs several factors in making a determination regarding the propriety of a stay.  *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test).  The Court considers:  (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general.  *Id.*  Here, those factors weigh against entry of a stay.

Plaintiff opposes a stay.  Although he has not articulated the reasons for his opposition, the Court assumes that all plaintiffs have an interest in proceeding expeditiously with their case.  Moreover, the Court has generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed.  As such, delay may diminish Plaintiff's ability to proceed.  By contrast, Defendants have a pending Motion to Dismiss which may dispose of Plaintiff's case, in part, on jurisdictional and immunity grounds.  While courts have frequently imposed a stay when issues relating to jurisdiction or immunity have been raised, a stay is not necessarily required in such circumstances.  Here, Defendants seek only a partial stay of discovery.  While such a request is reasonable and based upon supporting precedent, in the Court's experience, I find that partial stays or bifurcated discovery do not ultimately serve the interests of justice and may complicate and prolong Defendants' obligations, rather than minimize them.  On balance, the Court finds that the consideration of these two factors weighs against the imposition of a stay in this case.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general.  None of these factors prompts the Court to reach a different result.  In fact, as noted above, partial stays or bifurcated discovery have proven to be an inefficient process, leading to confusion of the parties about the type of discovery permitted during the stay and, consequently, discovery disputes which cannot be resolved without Court assistance.  Further, the Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable.  This is particularly true where there is a pending Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on which ultimate success is not guaranteed.  While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation.  Under these circumstances, the Court finds that a stay of the case is not warranted.

This matter is also before the Court on Defendants' **Unopposed Motion to File Exhibit A to Defendants' Response to November 7, 2008 Minute Order (Docket No. 96) Under Seal** [Docket No. 104; Filed November 21, 2008] ("Motion to Seal").  In accordance with D.C. Colo. L. Civ. R. 7.2(B), the Motion to Seal was posted to the public to allow for any objections to the sealing of the documents.  There being no objections filed,

IT IS HEREBY **ORDERED** that the Motion to Seal [#104] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall maintain Defendants' Exhibit A [Docket Nos. 103] UNDER SEAL.

Dated:  December 1, 2008

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix