IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

S. NAFZINGER, Clinical Director,
RON WILEY, Warden of U.S.P. Penitentiary - ADX, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

    Defendant.

_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion of Request** [Docket No. 114; Filed December 4, 2008] (the "Motion"). Pursuant to the Motion, Plaintiff seeks an order (1) prohibiting Defendants from taking his deposition until Plaintiff has received responses to his discovery requests; (2) unsealing the Declaration of Dr. Santini related to Plaintiff's medical condition; and (3) providing Plaintiff with a copy of such record. Defendants filed a Response in opposition to the Motion on December 8, 2008 [Docket No. 117].

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**.

To the extent that Plaintiff seeks a protective order prohibiting Defendants from taking his deposition, the Motion is **denied**. Plaintiff has failed to provide any legal basis for preventing Defendants from deposing him other than their alleged failure to respond to Plaintiiff's discovery requests. Discovery is not about making a deal. If a party receives

a discovery request, that party is obligated to respond or object. The Court notes that the issue of Defendants' alleged failure to respond to Plaintiff's discovery requests is pending in Plaintiff's Motion for Reconsideration [Docket No. 111; Filed November 28, 2008]. The Court will rule on such request when it has been fully briefed. In the meantime, this discovery dispute is not a sufficient basis to prohibit Defendants' deposition of Plaintiff.

To the extent that Plaintiff seeks to have the Court unseal the Declaration of Dr. Santini [Docket No. 103] relating to Plaintiff's medical condition and to provide him with a copy thereof, the Motion is **granted**. The purpose for sealing the Declaration of Dr. Santini was to protect Plaintiff's privacy, and the Court can discern no other reason to keep such document sealed now that Plaintiff has removed his objection. However, to the extent that Plaintiff requests that the Court mail him a copy of Dr. Santini's medical "report," none was filed on the docket and Plaintiff must use normal discovery procedures to obtain such "report" from Defendants.[1]

IT IS FURTHER **ORDERED** that the Clerk shall unseal Docket No. 103 and send Plaintiff a copy of the Declaration of Dr. Santini for his records.

Dated: December 9, 2008

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge

---

[1] In Defendants' Response, they argue that Plaintiff's Motion should be denied, in part, because (1) he failed to confer with Defendants, and (2) Defendants already sent him a copy of the Declaration of Dr. Santini. *Response* [#117] at 1-2. The Court rejects both assertions. First, given the difficulties incarcerated plaintiffs and defendants encounter in conferring with each other prior to filing motions, the Court has a relaxed policy about the enforcement of D.C. Colo. L. Civ. R. 7.1(A). Second, regardless of whether Defendants provided a copy of the Declaration of Dr. Santini to Plaintiff, the Court can discern no prejudice to Defendants to have the Clerk also send a copy to Plaintiff.