IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

S. NAFZINGER, Clinical Director,
RON WILEY, Warden of U.S.P. Penitentiary - ADX, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

    Defendant.
_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion of Reconsideration Requesting Order Compelling Discovery** [Docket No. 111; Filed November 28, 2008] (the "Motion"). Plaintiff seeks reconsideration of the Court's Order denying his motion to compel discovery as untimely [Docket No. 109]. In his earlier motion, Plaintiff sought to compel Defendants to respond to his discovery requests prior to expiration of their deadline to respond. In his current Motion, Plaintiff contends that after expiration of the deadline, Defendants still had not responded and seeks to compel their response for a second time. *Motion* [#111] at 2. Defendants responded in opposition to the Motion and counsel certifies that the discovery responses were timely provided to Plaintiff [Docket Nos. 116-2 through -5]. *Response* [#116] at 3, 6. Defendants also contend that Plaintiff's Motion should be denied because he failed to confer with counsel for Defendants as required by D.C. Colo. L. Civ. R. 7.1(A) and Fed. R. Civ. P. 37. *Id.* at 3-7.

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. The Court is permitted to accept counsel for Defendants' assertion, as an officer of the Court, that Defendants timely responded to Plaintiff's discovery requests. To the extent that Plaintiff takes issue with the scope or completeness of Defendants' discovery responses, the present Motion does not properly address those concerns.[1] Because the Court resolves the Motion on other grounds, the Court need not address Defendants' contention that the Motion is subject to denial due to Plaintiff's failure to confer.

In addition, the Court notes that although I am authorized to order Plaintiff to pay the reasonable attorneys' fees incurred by Defendants in responding to Plaintiff's Motion, I do not find that justice would be served by the imposition of such a sanction at this time. *See* Fed. R. Civ. P. 37(a)(5)(B). However, the Court warns Plaintiff that monetary sanctions may be authorized in the future if Plaintiff fails to assure the veracity of factual allegations contained in his motions. *See id.* 11(b)(1), (3) & 37(a)(5)(B). Although the Court employs a liberal standard regarding Plaintiff's duty to confer given his incarcerated status, see *Order* [#121] at 2 n.1, where the necessity of Plaintiff's motion could be efficiently ascertained by conferring with counsel for Defendants, the Court will take Plaintiff's failure to confer into consideration when determining whether to award sanctions against him.

Dated: December 16, 2008

---

[1] The Court notes that Plaintiff filed a pleading purporting to be an objection to Defendant's discovery responses [Docket No. 118]. This pleading was not filed as a motion, and the Court does not consider it.