IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

         Plaintiff,

v.

S. NAFZINGER, Clinical Director,
RON WILEY, Warden of U.S.P. Penitentiary - ADX, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

         Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

         This matter is before the Court on **Defendants Nafziger, Wiley, and Lappin's**

**Motion to Dismiss** [Docket No. 65; Filed June 30, 2008] ("Motion to Dismiss").  Plaintiff

filed a Response on July 22, 2008 [Docket No. 78], and Defendants filed a Reply on

September 24, 2008 pursuant to a Court-set deadline [Docket No.  86].  The Court ordered

the parties to provide supplemental briefing on an issue related to the Court's jurisdiction

over Plaintiff's request for injunctive relief, and the parties did so [Docket Nos. 102 & 106]

The Motion to Dismiss has now been fully briefed and is ripe for resolution.  Pursuant to 28

U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, the Motion has been referred to this

Court for recommendation.   The Court has reviewed the Motion to Dismiss, Plaintiff's

Response, Defendants' Reply, the case file, and applicable case law and is sufficiently

advised in the premises.  For the reasons provided below, I respectfully recommend that

the Motion to Dismiss be **GRANTED**.

# I. Factual Background

Plaintiff, a prisoner proceeding *pro se*, is incarcerated at the United States Penitentiary Administrative Maximum ("ADX") in Florence, Colorado. He brings claims against Defendants Nafziger, Wiley, and Lappin, pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) [Docket No. 38]. In his complaint, Plaintiff contends that Defendants were deliberately indifferent toward a serious medical need by delaying appropriate medical treatment for Plaintiff's hepatitis C. *Complaint* [#38] at 3. Plaintiff claims that the "hepatitis C virus was damaging Plaintiff's liver and [Defendants] did nothing to stop future damage . . . . The Plaintiff is in present danger in a life threatened [sic] situation and the delay have cause [sic] more damage and injury to Plaintiff [sic] liver." *Id.* Specifically, Plaintiff alleges that Defendant Nafziger recommended that Plaintiff receive Interferon/Rivobirin, a hepatitis C medication, but as of the filing of his complaint, he had not received it. *Id.* at 4.

In his complaint, Plaintiff alleges three claims for relief:

Claim I        The Defendant S. Nafziger – Clinical Director – of Health Care Service, [Was] Deliberately Indifferent to Plaintiff['s] Medical Needs [and] Violated the Eighth Amendment of the Constitution.

Claim II       The Defendant Ron Wiley was Personally Involved in the Violation of Plaintiff['s] Rights and Medical Needs, with Deliberate Indifference of Equal Protection Under the Fifth and Fourteenth Amendment[s] of the Constitution.

Claim III      The Defendant Harley Lappin, the Federal Burea[u] of Prison[s] Director, Was Personally Involved in the Violation of Plaintiff['s] Rights

and Medical Needs with Deliberate Indifference and Equal Protection Under the Fifth and Fourteenth Amendment[s] of the Constitution.

## II. Motion to Dismiss

Defendants filed a Motion to Dismiss the claims against them based upon jurisdictional and substantive grounds. First, they contend that Plaintiff's injunctive claims are moot and his official capacity claims for money damages are barred by the doctrine of sovereign immunity. *Motion to Dismiss* [#65] at 4-7; *Reply* [#86] at 8. Second, they contend that Defendants are entitled to qualified immunity on claims asserted against them in their individual capacities. *Motion to Dismiss* [#65] at 7-12; *Reply* [#86] at 5-7. Third, they contend that the claims against Defendants Lappin and Wiley should be dismissed due to Plaintiff's failure to exhaust his administrative remedies and failure to allege their personal participation. *Motion to Dismiss* [#65] at 12-13; *Reply* [#86] at 2-5, 8-9.

Plaintiff responded to the Motion to Dismiss and argues that his official capacity claims are not jurisdictionally barred. *Response* [#78] at 7-9. He also contends that qualified immunity is not applicable to Defendants' conduct here. *Id.* at 10-13. Finally, he argues that Defendants' exhaustion and personal participation defenses are without merit. *Id.* at 13-15.

## III. Standard of Review

Because federal courts are courts of limited jurisdiction, the Court must have a statutory basis for exercising jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has subject-matter jurisdiction to properly hear the case before it. Dismissal of a federal claim for lack of subject-matter jurisdiction "is proper only when the claim is 'so

3

insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974)).  A motion to dismiss pursuant to Rule 12(b)(1) may take two forms:  a facial attack or a factual attack.  When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *Id.* at 1003.

The purpose of a motion to dismiss pursuant to Rule 12(b)(2) is to test whether the Court has personal jurisdiction over the named parties.  Plaintiff bears the burden of establishing personal jurisdiction over all of the Defendants.  *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).  If the presence or absence of personal jurisdiction can be established by reference to the complaint, the Court need not look further.  The Court will accept the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the complaint as true to determine whether Plaintiff has made a *prima facie* showing that personal jurisdiction exists.  *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide

'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."

*Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007)). "The court's function on

a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at

trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim

for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d

1226, 1236 (10th Cir. 1999) (citation omitted).

The Court notes that the parties attached extraneous documents to their pleadings.

Because the Court's review of the Motion to Dismiss is based upon consideration of the

allegations contained in the complaint, the Court will not consider extraneous documents

attached or referenced by either party or additional factual assertions contained therein

unless the documents relate to an issue of jurisdiction. *See, e.g.*, *Holt*, 46 F.3d at 1002-03.

*See generally MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002);

*Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). For example, the Court may treat a *pro se* litigant's complaint as an affidavit if it

alleges facts based on personal knowledge and has been sworn under penalty of perjury.

*Hall*, 935 F.2d at 1111 (citing *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 n.1 (10th Cir.

1985) (citation omitted)). However, the Court should not be the *pro se* litigant's advocate,

nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's]

complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113

F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se*

litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## IV. Analysis

### A.      Failure to Exhaust Administrative Remedies

As a preliminary matter, Defendants argue that Plaintiff failed to exhaust his administrative remedies as to Claims II and III by failing to fully utilize the ADX internal three-level grievance process. *Motion to Dismiss* [#65] at 12. Although failure to exhaust administrative remedies is an affirmative defense pursuant to the Prison Litigation Reform Act (PLRA), "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). In application of *Jones*, the Tenth Circuit has noted that it must be clear from the face of the complaint that an inmate failed to exhaust available administrative remedies before the district court may dismiss the claim for a failure to exhaust. *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Here, Plaintiff affirmatively alleges that he fully exhausted administrative remedies. *Complaint* [#38] at 7. In his Response, Plaintiff also alleges that he effectively exhausted his administrative remedies. *Response* [#78] at 7, 14-15.

Defendants specifically argue that Plaintiff failed to exhaust his administrative grievances as to Defendants Wiley and Lappin (Claims II & III).[1] This argument is frivolous. First, the PLRA's exhaustion requirement does not require an inmate to exhaust as to every allegedly guilty individual. Indeed, "nothing in the [PLRA] statute imposes a 'name all

---

[1] To support their argument, Defendants attach extraneous documents and a declaration [Docket No. 65-3]. Because the Court analyzes the failure to exhaust claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court does not consider such information.

defendants' requirement." *Jones*, 549 U.S. at 217. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. Defendants cite to no provision in the ADX grievance policy to support their contention that Plaintiff's grievances were inadequate because he did not name Defendants Wiley and Lappin. Second, "[t]he facts ordinarily pled in allegations concerning prison conditions frequently will not give a definitive answer as to whether a prisoner has completed his internal grievance process . . . ." *Terrell*, 478 F.3d at 1225. Based on these cases and the pleadings before the Court on the Motion to Dismiss, the PLRA does not prohibit Plaintiff from asserting Claims II and III.

## B.  Official Capacity Claims

Although not entirely clear, it appears that Plaintiff seeks to pursue liability against Defendants in both their individual and official capacities. *Complaint* [#38] at 8. Defendants assert that they are immune from liability in their official capacities. *Motion to Dismiss* [#65] at 6-7. Plaintiff seeks monetary damages against the named Defendants, who are officers and agents of the United States. *Complaint* [#38] at 8. "[A]ny action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). As such, "to the extent this suit for damages is against [these Defendants] in [their] official capacity, it is barred by sovereign immunity." *Kyler v. Everson*, 442 F.3d 1251, 1252-53 (10th Cir. 2006) (citing *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)). Accordingly, I agree with Defendants that Plaintiff's claim for monetary damages against them in their official capacity must be dismissed.

By contrast, Plaintiff's claim for injunctive relief against Defendants is not barred by the doctrine of sovereign immunity. *See Simmat v. United States BOP*, 413 F.3d 1225, 1233 (10th Cir. 2005) (holding that sovereign immunity does not bar an action against federal prison officials for injunctive relief from alleged constitutional violations). Here, Plaintiff seeks to enjoin Defendants to require them to give Plaintiff the hepatitis C medication he desires. In the Motion to Dismiss, Defendants claim this issue is moot because Plaintiff has now been formally approved to receive the medication and there no longer remains any necessity to force Defendants to act. *Motion to Dismiss* [#65] at 4-5. Although this information goes beyond the facts alleged in Plaintiff's complaint, the Court may consider Defendants' extraneous arguments and information because mootness is a jurisdictional issue. *See Holt*, 46 F.3d at 1002-03.

While Plaintiff's approval to receive the medication is a persuasive development, Plaintiff contends in his Response that although he may have been approved to receive the medication, he still has not received it. *Response* [#78] at 7. Therefore, he argues that injunctive relief is necessary to speed Defendants' conduct in providing the medication to him. In their Reply, Defendants reassert that "Plaintiff is receiving the desired medication." *Reply* [#86] at 8.

As a secondary argument, Plaintiff contends that even if he will be or is receiving the medication, because Defendants could withdraw their provision of this medication at any time, the issue is not moot. In essence, Plaintiff argues that the doctrine of voluntary cessation applies and that Defendants' voluntary cessation of their alleged unconstitutional conduct does not serve to moot his claim for injunctive relief. *See Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004). While Plaintiff's argument may be persuasive

8

regarding claims for damages, injunctive relief of the kind sought by Plaintiff, which can only be obtained for a current or prospective injury, cannot be conditioned on a past injury that has already been remedied. *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1155 n.6 (10th Cir. 2005) (quoting *San Diego County Gun Rights Comm'n v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996) ("Because plaintiffs seek declaratory and injunctive relief only . . . it is insufficient for them to demonstrate only a past injury")).

Given the factual inconsistencies in the parties' briefing of this issue, the Court was initially not satisfied that it could adequately address Defendants' mootness argument. To resolve the disparity, the Court directed the parties to submit supplemental briefs on the issue of whether Plaintiff was currently receiving the medication [Docket No. 96]. The supplemental briefing clearly informs the Court that, contrary to Defendants' assertion in their Reply, Plaintiff is not currently receiving the medication he desires. *See, e.g.*, *Plaintiff's Supplemental Brief* [#106] at 3-4. In fact, while he has received formal approval to receive the medication, such approval was conditioned on the results of "a pretreatment evaluation to determine if the patient has preserved hepatic function along with sufficient hematological and biochemical parameters to tolerate therapy." *Declaration of George Santini* [#103] at 2. Upon completion of the pretreatment evaluation, it was determined that Plaintiff's "lab results were not within those parameters. . . . As such, the plaintiff is not a candidate to receive this type of therapy at this time . . . ." *Id.* While Plaintiff's condition is subject to review and a changed diagnosis, the information available to the Court indicates that Plaintiff's claim for injunctive relief is not moot. Further, the Court is disappointed by Defendants' assertion in their Reply that "Plaintiff is receiving the desired medication." *See Reply* [#86] at 8. According to the Declaration of Defendants' agent, Dr. Santini, Plaintiff

was rejected as a candidate for this medication and, therefore, is not now, and was not previously, receiving the medication. Although I find that Plaintiff's claim for injunctive relief is not subject to dismissal on mootness grounds, whether Plaintiff has stated a sufficient constitutional claim to obtain the injunctive relief that he seeks is addressed in Part IV.C.2, below.

## C.     Individual Capacity Claims

As a preliminary matter, after reviewing Plaintiff's complaint, the Court finds that Claims I, II & III, while purporting to assert different legal theories, actually assert a single constitutional injury against the three individually-named Defendants. Plaintiff labels Claim I as an Eighth Amendment claim against Defendant Nafziger. *Complaint* [#38] at 4. Plaintiff labels Claim II as a "deliberate indifference of equal protection" claim against Defendant Wiley. *Id.* at 5. Plaintiff labels Claim III as a "deliberate indifference and equal protection claim" against Defendant Lappin. *Id.* at 6. Although Defendants invite me to consider Claims II and III as due process, rather than equal protection, claims, I find that neither claim asserts any conduct or contains sufficient allegations that could be addressed pursuant to the Fifth Amendment. Furthermore, despite the varying labels Plaintiff has attached to his three claims, a review of each claim reveals that Plaintiff is asserting an Eighth Amendment violation against each Defendant. Indeed, in his Response, Plaintiff summarizes his claims and indicates that he "sues several employees of the Federal Bureau of Prison[s] . . . claiming Defendants are/were deliberately indifferent to his critical medical needs in violation of the Eighth #(8) Amendment of the United States Constitution." *Response* [#78] at 5. Accordingly, to the extent that the Court reaches the merits of Plaintiff's claims, I will consider whether Plaintiff has sufficiently stated a claim that

Defendants were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. *See generally Castro v. United States*, 450 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a *pro se* party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis").

### 1.    Defendant Lappin

Before the Court can consider whether Plaintiff has stated an Eighth Amendment claim as to Defendant Lappin, the jurisdiction issue must be resolved. Defendants argue that the claims against Defendant Lappin should be dismissed for lack of personal jurisdiction. *Motion to Dismiss* [#65] at 15. According to the complaint, Defendant Lappin is the Director of the Bureau of Prisons ("BOP") and resides in Washington, D.C. *Complaint* [#38] at 2. As such, Defendant Lappin is not located and does not work in the State of Colorado.

Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendant Lappin. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). As a court of limited jurisdiction, this Court may only exercise jurisdiction over nonresident defendants if: (1) the long-arm statute of Colorado permits personal jurisdiction in this case; and (2) the exercise of personal jurisdiction in Colorado comports with the Due Process Clause of the United States Constitution. *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005). The Supreme Court of Colorado interprets Colorado's long-arm statute "to confer the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions." *Archangel Diamond*

*Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005). Therefore, a due process analysis of jurisdiction in this case will also satisfy Colorado's long-arm statute.

Due process first requires that Plaintiff demonstrate that Defendant Lappin has "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Although Plaintiff contends that Defendant Lappin bears responsibility to ensure that his employees provide BOP inmates with proper medical care and medication, such "attempts to make out a case for personal jurisdiction over [this defendant] by arguing that [he] authorized or implemented [actions] knowing that the effects of these [actions] would be felt by him in Colorado" are insufficient to establish minimum contacts. *Hale v. Ashcroft*, No. 06-cv-00541-REB-KLM, 2007 WL 2350150, at *3 (D. Colo. Aug. 15, 2007) (unpublished decision); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) (noting that "the mere foreseeability of causing injury in another state 'is not a "sufficient benchmark' for exercising personal jurisdiction" (citations omitted)).

Further, "the actions on which plaintiff relies in support of his allegations of personal jurisdiction all clearly were taken by [defendant in his capacity] as [a] federal official[] . . . . Such actions do not suffice to establish minimum contacts for purposes of an individual capacity suit against a federal employee." *Hale*, 2007 WL 2350150, at *3; *see also Trujillo v. Williams*, 465 F.3d 1210, 1218 n.9 (10th Cir. 2006) (holding that the complaint must contain allegations that "defendants acting in their *personal* capacities have contacts with the State"); *Hill v. Pugh*, 75 Fed. Appx. 715, 719 (10th Cir. Sept. 11, 2003) (unpublished decision) ("It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national responsibilities over facilities within a forum state."). Accordingly, Plaintiff's claim against Defendant Lappin must be dismissed

for lack of personal jurisdiction.

Given that Plaintiff has failed to establish that the Court has personal jurisdiction over Defendant Lappin, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** to the extent that it seeks dismissal of Claim III against Defendant Lappin.  The Court addresses the remainder of Defendants' Motion to Dismiss as to the sufficiency of Plaintiff's Claims I and II asserted against Defendants Nafziger and Wiley.

### 2.    Defendants Nafziger and Wiley

Defendants argue that they are entitled to qualified immunity for claims brought against them in their individual capacity.  *Motion* [#30] at 13.  "The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.'"  *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  When the defense of qualified immunity is raised, the Court must consider whether Plaintiff's factual allegations demonstrate that Defendants violated a constitutional right and, secondly, whether that constitutional right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).

The Court addresses whether Plaintiff sufficiently alleges that Defendants Nafziger and Wiley violated a constitutional right.  To survive Defendants' Motion pursuant to Rule 12(b)(6), Plaintiff need only "plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support [his] allegations."  *Shero*, 510 F.3d at 1200 (citation omitted).  As Plaintiff alleges a violation of his Eighth Amendment right to

be free from cruel and unusual punishment, the Court must examine whether Plaintiff pled sufficient facts to state a claim against Defendants for his alleged injury. *Complaint* [#38] at 4-5.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend VIII. As such, it requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). The Court's analysis of Plaintiffs' Eighth Amendment claims involves both an objective and subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

As to the objective component, the Court considers whether Plaintiff has been deprived of a sufficiently serious basic human need, i.e., an extreme deprivation. "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations omitted). Here, the issue is the medical care that was provided to Plaintiff. "[A] medical need is considered 'sufficiently serious' if the condition 'has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention.'" *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2001)).

To the extent that Plaintiff also raises an issue related to the delay in receiving medical treatment, the Tenth Circuit has held that "(1) a medical professional failing to treat

a serious medical condition properly; and (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition" may "constitute deliberate indifference in a prison medical case." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (citing *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2008)). However, "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210 (noting that "not every twinge of pain suffered as the result of delay in medical care is actionable").

As to the subjective component, the Court considers whether Defendants intended the deprivation, i.e., acted with deliberate indifference to the harm that could result. Deliberate indifference can only be proved by showing that Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837.

Here, considering the objective element of the deliberate indifference test, the Court examines whether Plaintiff sufficiently alleges that his hepatitis C constitutes a sufficiently serious medical need. In his complaint, Plaintiff alleges Defendant Nafziger conducted tests and concluded that Plaintiff's hepatitis C was damaging Plaintiff's liver. *Complaint* [#38] at 4. He also claims that Defendant Nafziger recommended that his condition be treated by Interferon/Rivobirin and "acknowledge[d] Plaintiff['s] sickness and liver damage." *Id.* Given these allegations, I find that Plaintiff has sufficiently pled that his medical need is "sufficiently serious." *Hunt*, 199 F.3d at 1224. Moreover, a delay in medical care may constitute an Eighth Amendment violation when Plaintiff can show that the delay resulted in substantial harm, such as considerable pain. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citations omitted). Here, Plaintiff alleges that the delay in receiving the hepatitis C

medication "may cause irreversible damage and the plaintiff may get too sick to respond to the treatment and medication." *Complaint* [#38] at 4. Although Plaintiff's allegations regarding whether the delay is causing substantial harm are entirely speculative, at a minimum, I find that Plaintiff has sufficiently alleged claims, taken as true, that may satisfy the objective element of the deliberate indifference analysis. *Erickson v. Pardus*, 541 U.S.89, ___, 127 S. Ct. 2197, 2199-2200 (2007).

Turning to the subjective element of this analysis, the Court next examines whether Plaintiff sufficiently pled facts that demonstrate that Defendants Nafziger and Wiley knew of and disregarded Plaintiff's alleged serious medical need. *See Farmer*, 511 U.S. at 837.

As a preliminary matter, it should be noted that an inmate's difference of opinion concerning the medical treatment that he receives or does not receive does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). As discussed at length below, a "prisoner's right is to medical care–not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (citation omitted). To the extent that Plaintiff, in his opinion, asserts that Defendants did not satisfactorily perform their duties given their failure to provide him with the desired hepatitis C medication, "such a difference of opinion amounts to a medical malpractice claim . . . [which] cannot be the basis for a federal [*Bivens*] action. . . . [A] medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. Civ.A. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (unpublished decision) (citations omitted) (noting that inmate's allegation that defendants were deliberately indifferent to his medical injury based upon a disagreement about the level of care he received for that injury did not

16

state an Eighth Amendment claim).

As was the case in *Pearson*, "Plaintiff was not denied medical treatment, rather he merely disagrees" with the speed at which Defendants provided him treatment. *See id.* In such a case, without specific allegations about Defendants' intent, Plaintiff is unable to provide sufficient evidence of Defendants' subjective desire to cause harm to Plaintiff. *Riddle v. Mondragon*, 83 F.3d 1197, 1202-06 (10th Cir. 1996) (holding that prisoner's complaint must go beyond conclusory allegations about the depravity of defendants' conduct).

The present case can be distinguished from the Tenth Circuit's holding in a 2005 unpublished decision dealing with a related issue. *See Thomas v. Bruce*, 125 Fed. Appx. 964 (10th Cir. Mar. 18, 2005) (unpublished decision). In that case, the plaintiff claimed that defendants failed to provide him with any treatment for his hepatitis C, including that they failed to conduct the necessary tests to determine the proper treatment. The Tenth Circuit held that such conduct, if true, may amount to an Eighth Amendment violation. *Id.* at 967-68. Here, Plaintiff acknowledges that he has undergone testing, and that Defendant Nafziger recommended that he be considered for treatment with medication. His dispute centers on the delay in receiving formal approval and the actual receipt of the medication he desires.

I note that Plaintiff has formally been approved to receive the desired medication but is not currently eligible to receive it due to his blood platelet levels. *Declaration of George Santini* [#103] at 2; *see also Plaintiff's Supplemental Briefing* [#106] at 3-4 (discussing the recent testing to determine his eligibility to receive the medication). *See generally Vibe Techs., LLC v. Suddath*, No. 06-cv-00812-LTB-MEH, 2006 WL 3404811, at *5 n.2 (D. Colo.

17

Nov. 22, 2006) ("This Court may take judicial notice of court documents and matters of public record."). This medical opinion, by a nonparty doctor, is not inconsistent with my determination that Plaintiff's dispute centers around a difference of opinion on how his hepatitis C should be treated. "The question of whether a certain form of treatment should be prescribed 'is a classic example of a matter for medical judgment.'" *Tivis v. Beecroft*, No. 06-cv-02025-WYD-CBS, 2007 WL 2786434, at *10 (D. Colo. Sept. 24, 2007) (unpublished decision) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). Further, the denial of specific medications has been found not to constitute deliberate indifference. *Id.* Because "[t]he subjective component is not satisfied[] absent an extraordinary degree of neglect," the Court finds that Plaintiff's disagreement with the care that he has received to date fails to articulate the level of conduct sufficient to support a finding of deliberate indifference. *See Self*, 439 F.3d at 1232.

More specifically, considering Plaintiff's allegations against Defendants Nafziger and Wiley separately, the Court notes that Plaintiff's claims are appropriately characterized as "conclusory allegations without supporting factual averments." *Hall*, 935 F.2d at 1110 (recognizing that "the court need not accept as true . . . [any] conclusory allegations."). As to Defendant Nafziger, Plaintiff states that he recommended that Plaintiff receive the desired medication and that "he was waiting for formal approval of the treatment and the medication" from the regional director and central office. *Complaint* [#38] at 3. The alleged conduct of Defendant Nafziger, namely his attempt to seek approval of this medication on Plaintiff's behalf, does not evidence the degree of neglect sufficient to find that Defendant Nafziger was deliberately indifferent to Plaintiff's medical needs. *See Free v. Unknown Officers of BOP*, 103 Fed. Appx. 334, 336-37 (10th Cir. June 29, 2004) (unpublished

18

decision). Indeed, it evidences no neglect at all. Consequently, there is simply no support for Plaintiff's contention that Defendant Nafziger had the sufficient culpable mental state to harm Plaintiff. Moreover, as Plaintiff's complaint infers, and Defendants confirm in their pleadings, there is a set protocol regarding a prisoner's receipt of the medication at issue here. Until the protocol has been satisfied at each level, and Plaintiff has been found to be eligible to receive the medication, Defendant Nafziger's refusal or failure to provide such medication does not amount to cruel and unusual punishment. *See Trout v. Corr. Healthcare Mgmt., Inc.*, 248 Fed. Appx. 910, 914 (10th Cir. Sept. 24, 2007) (unpublished decision).

As to Defendant Wiley, Plaintiff contends that "this defendant ignored his duty imposed by his office and fail [sic] to stop [Defendant Nafziger's] actions of denial within his knowledge." *Complaint* [#38] at 5. Given that the Court finds that the allegations against Defendant Nafziger are insufficient to support a claim against him, Plaintiff's allegations that Defendant Wiley's failure to force Defendant Nafziger to act are equally without sufficient basis to show that Defendant Wiley was deliberately indifferent to Plaintiff's medical need.[2] Moreover, Defendant Wiley is not a medical provider, nor was he treating Plaintiff for any medical condition. Plaintiff's allegations that Defendant Wiley "was in the position to correct

---

[2] To the extent that Plaintiff's complaint can be interpreted to assert an equal protection claim against Defendant Wiley, Plaintiff's complaint wholly fails to provide sufficient allegations to state an equal protection claim. Namely, it does not allege that Defendant Wiley either denied a fundamental right or provided differential treatment based on a suspect classification. *See, e.g.*, *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995). Nor does the complaint make any plausible allegation that Plaintiff is similarly situated to inmates who are receiving the medication he desires or that Defendant Wiley took a discriminatory action that lacked a rational basis. *Id.*; *Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006); *see also Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994) (holding that a prisoner's "claim that there are no relevant differences between him and other inmates that reasonably might account for their different treatment is not plausible or arguable").

Plaintiff [sic] rights violation and fail to do so" does not sufficiently allege that Defendant Wiley knew or reasonably should have known that his conduct could cause Plaintiff substantial injury. *See id.* This is particularly true because Plaintiff acknowledges in his complaint that approval for receipt of the medication is provided by the regional director and the central office. *See id.* at 3. As such, Plaintiff's complaint does not allege a sufficient link between Defendant Wiley's conduct and Plaintiff's alleged injury.[3]

Because Plaintiff's factual allegations fail to demonstrate that Defendants Nafziger and Wiley violated a constitutional right, the first prong of the qualified immunity analysis is satisfied in Defendants' favor. *See Saucier*, 533 U.S. at 201. Therefore, it is unnecessary to consider the second prong of the qualified immunity analysis. Accordingly, I respectfully **RECOMMEND** that the Motion be **GRANTED** to the extent that it seeks dismissal of Claims I and II asserted against Defendants Nafziger and Wiley.[4]

## IV. Conclusion

For the aforementioned reasons, I respectfully **RECOMMEND** that Defendants' **Motion to Dismiss** [Docket No. 65; Filed June 30, 2008] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that Plaintiff's **Motion for Injunctive Relief and Prohibitory Order** [Docket No. 119; Filed December 9, 2008], which is related to Plaintiff's

---

[3] Because the Court finds that Defendant Wiley is entitled to qualified immunity, it is unnecessary to more fully consider his alternative argument that Plaintiff's complaint fails to contain sufficient allegations of personal participation as to him.

[4] The Court's finding that Plaintiff has failed to state a claim against Defendants necessarily means that his claim for injunctive relief, although not prohibited on jurisdictional grounds, cannot stand. *See Abu-Fakher v. Bode*, 175 Fed. Appx. 179, 181-82 (10th Cir. Mar. 16, 2006) (unpublished decision) (holding that prisoner's entitlement to injunctive relief was reliant upon his ability "to state a claim for an Eighth Amendment violation").

desire to obtain discovery from Defendants and to secure counsel, be **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:        January 14, 2009

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge