IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

S. NAFZINGER, Clinical Director,
RON WILEY, Warden of U.S.P. Penitentiary - ADX, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

    Defendant.
_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Request[s] for Injunctive Relief** [Docket Nos. 182 & 183; Filed May 10, 2010] (the "Motions").

IT IS HEREBY **ORDERED** that the Motions are **DENIED without prejudice**. To the extent that the Motions seek to address conduct that happened after the filing of the Complaint and which was allegedly perpetrated by nonparties, the Motions are improper. *Teague v. Hood*, No. 06-cv-01800-LTB-CBS, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (unpublished decision) (noting that injunctive relief should not lie to address conduct that occurred after complaint was filed); *see also* Fed. R. Civ. P. 65(d) (noting that injunctive relief is only available as to parties); *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997) (holding that where "entry of injunctive relief in [Plaintiff's] favor would have no effect on the [D]efendants' behavior," either because a claim is moot or the Court has no jurisdiction over the wrongdoer, Plaintiff's motion for preliminary injunction must be

denied). Requests for injunctive relief cannot be asserted to address conduct not at issue in the Complaint and which occurred after its filing. In addition, although Plaintiff has added the name of his current warden in the case caption of the Motions, he has not been given leave to do so and his new warden's conduct is not at issue in this case, which involves whether Plaintiff's Eighth Amendment rights were violated as a result of Defendants' alleged failure to provide him with appropriate medical care. Finally, to the extent that the Motions can be interpreted to allege that named parties are interfering with his ability to litigate this case, he has failed to provide sufficient detail to show that he is being denied access to the Court on the present pleadings.

IT IS FURTHER **ORDERED** that Plaintiff shall not file additional motions until after the Status Conference set for **May 25, 2010 at 10:00 a.m. MST**.

Dated: May 11, 2010

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix