**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

    Plaintiff,

v.

HARLEY LAPPIN, Director, Federal Bureau of Prisons, and
S. NAFZINGER, Clinical Director,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#234][1] filed April 21, 2011; and (2) the objections stated in plaintiff's **Motion – Declaration of Objection** [#236] filed May 2, 2011. I overrule the objections, adopt the recommendation, dismiss plaintiff's claims, and direct judgment in favor of defendants as set forth herein.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objection, and applicable caselaw. Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***,

---

[1] "[#234]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  The recommendation is detailed and well-reasoned.  Contrastingly, defendant's objections are imponderous and without merit.[2]

Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#234] filed April 21, 2011, is **APPROVED AND ADOPTED** as an order of this court;

2.  That the objections stated in plaintiff's **Motion – Declaration of Objection** [#236] filed May 2, 2011, are **OVERRULED**;

3.  That **Defendants' Motion for Summary Judgment and Memorandum Brief**

---

[2] In his objection, plaintiff alleges that his legal materials and other personal property were confiscated on March 29, 2011, and have not been returned to him.  (Plaintiff also complains of various incidents of alleged intimidation and abuse by staff at his current place of incarceration in Missouri.  Those issue are not properly before this court and will not be addressed further.)  Apparently, plaintiff makes these representations in an attempt to explain his failure to respond to the magistrate judge's invitation to supplement his summary judgment response with admissible evidence suggesting a genuine issue of material fact for trial.  (*See* Minute Order [#231] filed March 21, 2011.)  Nevertheless, plaintiff did file a response to the motion for summary judgment, albeit one devoid of evidentiary support, prior to the date the materials were confiscated, and, thus, could have attached evidence had there been any.  Moreover, he does not suggest that the materials taken from him contain any particular evidence that might be relevant to the court's determination of the recommendation and the underlying motion for summary judgment.

Indeed, it appears plaintiff is under the misapprehension that the Tenth Circuit, in reversing this court's order granting defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and remanding for further determination, has mandated that plaintiff's claims must be tried to a jury.  The clear language of the appellate court's decision belies this conclusion.

**in Support Thereof** [#224] filed February 28, 2011, is **GRANTED**;

  4. That plaintiff's claims against defendant are **DISMISSED** as follows:

    a. That plaintiff's claim against defendant Lappin is **DISMISSED WITH PREJUDICE**;

    b. That plaintiff's claim against defendant Nafziger relating to his recommendation that plaintiff be treated with a course of Interferon/Ribavirin is **DISMISSED WITHOUT PREJUDICE**; and

    c. That plaintiff's remaining claims against defendant Nafziger are **DISMISSED WITHOUT PREJUDICE**;

  5. That judgment **SHALL ENTER** on behalf of defendant, Harley Lappin, Federal Bureau of Prisons – Director, against plaintiff, Norberto Perez Arocho, as to all claims for relief and causes of action asserted against this defendant herein; provided, that the judgment as to these claims against this defendant **SHALL BE** with prejudice;

  6. That judgment **SHALL ENTER** on behalf of defendant, Steven Nafziger (misnamed in the caption as "S. Nafzinger"), against plaintiff, Norberto Perez, Arocho, as to all claims for relief and causes of action asserted against this defendant herein; provided, that the judgment as to the claim against this defendant relating to the provision of Interferon/ Ribavirin **SHALL BE** with prejudice and the judgment as to all other claims against this defendant **SHALL BE** without prejudice;

  7. That the Trial Preparation Conference, currently scheduled for **Friday, June 10, 2011**, at 4:00 p.m., as well as the trial, currently scheduled to commence on **Monday, June 27, 2011**, are **VACATED**;

8.  That defendants' **Motion To Reset June 10, 2011, Final Trial Preparation Conference** [#237] filed June 7, 2011, is **DENIED AS MOOT**; and

9.  That defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated June 8, 2011, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge