**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-02603-REB-KLM

NORBERTO PEREZ AROCHO,

      Plaintiff,
v.

S. NAFZINGER, Clinical Director, and
HARLEY LAPPIN, Federal Bureau of Prison - Director,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION PURSUANT TO FEDERAL RULE
OF CIVIL PROCEDURE 60(b) AND MOTION AND AFFIDAVIT FOR LEAVE
TO PROCEED PURSUANT TO 28 U.S.C. § 1915 AND FED.R.APP.P. 24**

**Blackburn, J.**

      The matters before me are (1) plaintiff's **Motion Pursuant to Federal Rule of Civil Procedure 60(b)** [#257], filed July 11, 2011; and (2) his concomitant **Prisoner's Motion and Affidavit for Leave To Proceed Pursuant to 28 U.S.C. § 1915 and Fed.R.App.P. 24** [#258], filed July 11, 2011.  I deny the Rule 60(b) motion and deny as moot the motion to proceed pursuant to section 1915.

      Because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

      Rule 60(b) relief requires a showing of exceptional circumstances warranting relief from judgment.  **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991).  A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in

Rule 60(b).  *Id*. at 1243-44.  Plaintiff here relies on subsection (3), which permits relief on the basis of, *inter alia*, "misconduct by an opposing party."  **FED.R.CIV.P.** 60(b)(3).  However, the misconduct of which plaintiff complains[1] is not that of either of the defendants in this matter, but relates to alleged interference perpetuated by unnamed staff at plaintiff's current place of incarceration in Springfield, Missouri.  Thus, this subsection of Rule 60(b) is inapplicable.[2]  The only other possibly applicable ground for relief under this rule is provided by subparagraph (6), which contemplates relief from judgment based on "any other reason that justifies relief."  **FED.R.CIV.P.** 60(b)(6).  I perceive nothing in plaintiff's motion to suggest that such extraordinary relief is warranted in this case.

Given my resolution of the substantive motion, plaintiff's motion to proceed *in forma pauperis* in relation thereto is denied as moot.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion Pursuant to Federal Rule of Civil Procedure 60(b)** [#257], filed July 11, 2011, is **DENIED**; and 2.

2. That plaintiff's **Prisoner's Motion and Affidavit for Leave To Proceed Pursuant to 28 U.S.C. § 1915 and Fed.R.App.P. 24** [#258], filed July 11, 2011, is **DENIED AS MOOT**.

Dated August 9, 2011, at Denver, Colorado.

                                           **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

---

[1] Which was previously addressed directly by this court in granting summary judgment in favor of defendants, *see* **Amended Order Overruling Objections to and Adopting Recommendation of the United States Magistrate Judge** at 2 n.3 [#240], filed June 10, 2011

[2] Moreover, the court has no jurisdiction over these individuals, who are not named parties, in any event.